```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

WARREN A. LEE,                )
     Petitioner,              )
                              )
     v.                       )    C.A. No. 10-40019-MLW
                              )
J. GRONDOLSKY, Warden,        )
     Respondent.              )

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 30, 2012

Warren Antonio Lee, pro se, filed a petition for a writ of habeas corpus (the "Petition") under 28 U.S.C. §2241, asserting eight grounds for relief. Respondent J. Grondolsky, the warden of FMC Devens, filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Lee subsequently filed a Motion to Dispose of §2241, requesting that the court "hear and determine the facts" and dispose of his petition "as law and justice require," in accordance with 28 U.S.C. §2243. He also filed a Motion to Appoint Counsel pursuant to 18 U.S.C. §3006A(2)(B). In the Motion to Dispose of §2241, Lee stated that he had submitted a reply to Grondolsky's Motion to Dismiss, but neither the court nor the government received it. On October 20, 2011, this court ordered Lee to file the reply he stated was previously submitted. On October 28, 2011, Lee filed "Petitioner's Second Reply" (the "Reply").

For the reasons stated below, the court is dismissing six of

1

Lee's claims and allowing Lee to amend his petition with respect to Grounds Three and Four, his due process claims. The court is also denying Lee's Motion to Dispose of §2241 as moot and denying Lee's Motion to Appoint Counsel.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "take all factual allegations as true and [] draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." As plaintiff is proceeding pro se, his pleadings must be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Instituto de Education Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000).

A motion to dismiss should be denied if a plaintiff has shown "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). This means that claims need not only be possible but also plausible. Twombly, 550 U.S. at 556. Therefore, a court should "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Board of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation." Ashcroft v. Iqbal, 128 S. Ct. 1937, 1949 (2009)(citing Twombly, 550 U.S. at 555).

Lee's Reply primarily addresses the due process claims asserted in Grounds Three and Four of the Petition. Grounds Three and Four contain confusing and disjointed claims regarding an alleged due process violation occurring during one or more of Lee's disciplinary hearings. Based on the Petition and Reply, it appears that Lee disputes some of the details of his alleged involvement in one or more altercations and challenges the resulting sanctions imposed upon him. Though Grounds Three and Four appear to be concerned with the same set of events, it is unclear if or how they are distinct from one another. The court is unable to determine what act or omission Lee alleges violated his due process guarantees, when the alleged violation occurred (at his first or remanded hearing), and what relief Lee now seeks. Lee's Petition and Reply do not show that there is more than a "sheer possibility that the defendant has acted unlawfully." See Iqbal, 129 S. Ct. at 1949. These allegations fail to meet the pleading requirements of Rule 8, and these grounds are, therefore, subject to dismissal.

However, the court is not persuaded that Lee is unable to state a factual basis for relief on these due process claims. A court may grant a petitioner leave to amend his complaint to allow him to state the factual basis for his claim more fully, and "should freely give leave when justice so requires." Fed. R. Civ.

3

P. 15(a)(2). Accordingly, because he is pro se, the court is giving Lee an opportunity to amend his Petition in an effort to adequately clarify and amplify his due process claims. Lee's amended petition must state facts regarding the who, what, when, and where of the alleged due process violations in order to avoid dismissal. If Lee's amended petition does not state facts showing a plausible entitlement to relief, his Petition will be dismissed with regard to these claims.

In the Reply, after discussing his due process claims, Lee states that his "other claims have all been ameliorated or corrected, thus this court cannot proffer any further assistance as previously requested." The court construes this as a request for voluntary dismissal of these grounds, pursuant to Federal Rule of Civil Procedure 41(a)(2). Pursuant to the Rule, unless otherwise ordered, such a dismissal is without prejudice. See Fed. R. Civ. P. 41(a)(2). As it is conceivable that some of the matters involved in the grounds being voluntarily dismissed could relate to possible future civil rights claims, the court is allowing Lee's request and dismissing without prejudice Grounds One, Five, Six, Seven, and Eight of the Petition. The Motion to Dismiss, therefore, is moot with regard to these grounds.

Lee's Reply does not reference Ground Two of his Petition.[1]

---

[1]Though the Reply mentions "C2," this appears to refer only to the due process claims alleged in Grounds Three and Four.

Accordingly, the court does not interpret the Reply as a request for voluntary dismissal of Ground Two. Ground Two states that Lee is entitled to an award for saving a corrections officer from harm during a prison fight in 2008. Lee states that he yelled "watch the knife," thus preventing injury to the officer.

Lee provides no authority for the assertion that he is entitled to a reward for his actions. On the contrary, 28 C.F.R. §523.16(c) states that a warden "may make lump sum awards of extra good time not to exceed thirty days" for "an act which protects the lives of staff or inmates or the property of the United States." This gives a warden the discretion to issue an award, but does not create an obligation to do so. See, e.g., Lopez v. Davis, 531 U.S. 230, 242 (2001) (in context of 18 U.S.C. §3621(e)(1), noting that while 18 U.S.C. §3621(e)(1) instructs that the Bureau of Prisons "may" reduce a prisoner's sentence for successfully completing a drug treatment program, it does not require the Bureau to do so). Accordingly, Lee has failed to meet his burden of pleading under Rule 8 with regard to Ground Two, because his bald assertion that he is entitled to a reward is unsupported by law. See In re Citigroup, Inc., 535 F.3d 45, 52 (1st Cir. 2008) ("[W]e are free to disregard bald assertions, unsupportable conclusions, and opprobrious epithets.") (internal quotation omitted). Ground Two must, therefore, be dismissed for failure to state a claim.

Lee has also filed a Motion to Dispose of §2241, requesting

that the court "hear and determine the facts" and dispose of his petition "as law and justice require," in accordance with 28 U.S.C. §2243. Because this Memorandum and Order disposes of Lee's Petition, the Motion to Dispose of §2241 is now moot.

Finally, Lee has filed a Motion to Appoint Counsel, asserting that his claims are too "complex to be litigated by a layman/prose inmate." He also asserts that "without counsel being appointed to this case/petition no justice can be so required" because the "district court neither sent him a docket sheet, entered a judgment on the merits of the petition, nor has acknowledged in any other form that the case it has is being given consideration due to the complexities of it."

There is no constitutional right to appointed counsel in §2241 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also Bucci v. United States, 662 F.3d 18, 34 (1st Cir. 2011). The court is permitted to appoint counsel for financially eligible persons if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). However, a court is not compelled to appoint counsel for an indigent civil litigant unless "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Although Lee has asserted that his claims are "complex," the court does not agree and he has not demonstrated exceptional

6

circumstances warranting the appointment of counsel.

Accordingly, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss (Docket No. 7) is ALLOWED with regard to Ground Two and it is DISMISSED for failure to state a claim upon which relief may be granted.

2. Defendant's Motion to Dismiss (Docket No. 7) is DENIED without prejudice with regard to Grounds Three and Four. By May 4, 2012, petitioner may file an amended petition clarifying and explaining more fully Grounds Three and Four. If he fails to do so, these grounds will also be dismissed. If the court receives an amended petition, it will determine whether or not a responsive pleading is required.

3. Petitioner's request to voluntarily dismiss Grounds One, Five, Six, Seven, and Eight (Docket No. 13) is ALLOWED and these grounds are DISMISSED without prejudice.

4. Respondent's Motion to Dismiss (Docket No. 7) is DENIED as moot with regard to Grounds One, Five, Six, Seven, and Eight.

4. Petitioner's Motion to Dispose of §2241 (Docket No. 10) is DENIED as moot.

5. Petitioner's Motion to Appoint Counsel (Docket No. 11) is DENIED.

                                                      /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT COURT